■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY TUCKER, Appellant. [616 NYS2d 617] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered September 30, 1992, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a definite term of one year, unanimously affirmed. The case is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

We find no reason to disturb the factual findings of the *Mapp* hearing court, which credited the testimony of the arresting officers who responded to a radio report based on an anonymous source that shots were fired inside a hallway at 40 West 115th Street by two suspects described as black males, one wearing a white, orange and black jacket and black jeans, and the other wearing a blue leather jacket and jeans, who then fled the building. The officers received the radio report approximately one minute prior to their arrival at the specified address where they observed two men who fit the suspects' description standing with four or five other youths near a parked car directly in front of the building. The officers, exiting their vehicle with their guns drawn at their sides, requested all of the young men to place their hands on the car. Defendant, who was wearing the white, orange and black jacket, and black jeans, kept his hands in his jacket pockets, ignoring the officer's request. The officer repeated the request two to three times before defendant reluctantly and slowly removed his hands and placed them on the car. The ensuing frisk of defendant revealed a loaded .22 caliber automatic pistol in his right side jacket pocket and a loaded .25 caliber pistol in his left jacket pocket.

We reject defendant's claim that the seizure was unjustified because the officers, having observed no evidence of criminal activity, had only a common law right to inquire. We find that the hearing court's denial of suppression was proper since the observations made by the officers were so specific and congruous with the information provided in the radio report that the

reliability of the tip was sufficiently established to provide the officers with reasonable suspicion that the defendant was armed. Thus, the police conduct, which was minimally intrusive to ensure the safety of the officers and innocent civilians *(see, People v Salaman,* 71 NY2d 869; *People v Gaines,* 159 AD2d 175, 177, *lv withdrawn* 76 NY2d 986), was justified. Concur—Sullivan, J. P., Carro, Kupferman, Nardelli and Tom, JJ.