■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO LUIS FAJARDO, Appellant. [618 NYS2d 354] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered June 3, 1992, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 17 years to life and 1 to 3 years, respectively, unanimously affirmed.

Defendant's motion to suppress was properly denied. When the police in responding to a radio call of drug sales at a drug-prone location, observed defendant acting "panicky", they had, at the very least, an objective credible reason for calling him over to the police car (People v Hollman, 79 NY2d 181, 184-185), and when defendant, in approaching, put his hand in a pocket containing a bulge and refused to remove it, the presence of a weapon was strongly suggested (People v Samuels, 50 NY2d 1035, 1037, cert denied 449 US 984; People v Pettis, 195 AD2d 421), creating reasonable suspicion of criminality, which was reinforced by defendant's sudden flight, that justified the pursuit and the recovery of the revolver defendant abandoned in flight (see, People v Bora, 83 NY2d 531; compare, People v Holmes, 81 NY2d 1056).

The court's refusal to admit into evidence a purported "excited utterance" contained in police reports was a proper exercise of discretion given no direct evidence, and insufficient circumstantial evidence, that the declarant made the statement while still under the stress of his injuries (People v Edwards, 47 NY2d 493, 497). Concur—Sullivan, J. P., Wallach, Ross, Rubin and Williams, JJ.