■ In the Matter of CLARENCE W., a Person Alleged to be a Juvenile Delinquent, Appellant. [619 NYS2d 274] —Order of disposition, Family Court, Bronx County (Marjory Fields, J.), entered on or about June 3, 1993, which adjudicated respondent a juvenile delinquent and ordered that he be placed with the Division for Youth for 18 months, following his admission that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree, unanimously affirmed, without costs.

Family Court properly denied respondent's motion to suppress the weapon recovered from him prior to his arrest. Although the radio run of 10 males with guns at the apartment building did not alone constitute reasonable suspicion, the reliability of that information was enhanced when, within a minute of the transmission, the police arrived at the building, a known drug and gun location, and observed approximately 10 males in the lobby, legitimizing the officer's minimal intrusion of requesting that the men take their hands out

of their pockets *(see, People v Grant,* 184 AD2d 242, *lv denied* 80 NY2d 904). When respondent refused to take his hands out of his pockets and actively resisted the officer's attempts to place his hands on the wall, the police fearing for their own safety, were justified in patting respondent's waistband and retrieving the loaded weapon found there. "We can hardly ignore what is apparent to probably every police officer, that a handgun is often carried in the waistband" *(People v Montague,* 175 AD2d 54, 55). Concur—Ellerin, J. P., Kupferman, Williams and Tom, JJ.