■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE HICKMAN, Appellant. [651 NYS2d 33] —Judgment, Su-

preme Court, New York County (Bruce Allen, J., at suppression hearing; Rena Uviller, J., at jury trial and sentence), rendered January 6, 1994, convicting defendant of criminal possession of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, 3 to 6 years and 3 to 6 years, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of dismissing the counts of criminal possession of a controlled substance in the fourth degree, and otherwise affirmed. The matter is remitted to the Supreme Court, New York County, for proceedings pursuant to CPL 460.50 (5).

Defendant's suppression motion was properly denied. The arresting officers responded to a radio report based on an anonymous source that a man was in possession of a gun at a specified intersection. The man was described as a male "black wearing all black". Upon their prompt arrival at the specified location, the officers observed defendant wearing a black leather coat and dark pants. The uniformed officers exited their vehicle with their guns holstered and one of the officers said to the defendant, "Stop. Come here". In response, defendant reached for the inside pocket of his coat with his left hand, ignoring the officer's request. The officer drew his gun and ordered defendant to remove his hand from his coat pocket and freeze. In response, defendant removed his hand, took two steps, and ran. Both officers gave chase with guns drawn. During the pursuit, defendant discarded a bag containing drugs.

The anonymous tip was sufficient to furnish the police officers with the common law right to inquire (*People v Stewart*, 41 NY2d 65, 69). The information provided by the tip, considered in conjunction with the defendant's act of immediately reaching for the inside of his coat, provided reasonable suspicion, justifying the more intrusive police action of drawing guns and ordering defendant to freeze (*People v Benjamin*, 51 NY2d 267), and pursuing defendant upon his flight (*People v Martinez*, 80 NY2d 444). To the extent that the court's factual findings rested upon credibility determinations, we find those determinations to be supported by the record (*see, People v Spencer*, 188 AD2d 408, *lv denied* 81 NY2d 893).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The issues raised by defendant concerning the testing methodology and conclusions of the police chemist were properly placed before the jury (*see, People v Argro*, 37 NY2d 929; *People v Gaimari*, 176 NY 84),

and there is no reason to disturb its determination. There was no requirement to compare the samples tested against a known standard (*see, People v Rolon*, 172 AD2d 252, 253, *lv denied* 78 NY2d 926).

As the People concede, since the fourth-degree possession charges, while not lesser included offenses of third-degree possession, arose from possession of the same cocaine and heroin, dismissal of those counts is appropriate in the interest of justice (*People v Gaul*, 63 AD2d 563, *lv denied* 45 NY2d 780). Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Mazzarelli, JJ.