■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL DAWSON, Appellant. [663 NYS2d 839] —Order, Supreme Court, Bronx County (John Moore, J.), entered on or about October 3, 1996, which granted defendant's motion to suppress

physical evidence and statements, unanimously reversed, on the law and the facts, motion denied, and the matter is remitted to Supreme Court for further proceedings.

On March 15, 1996, at approximately 3:15 P.M., Co-op City Public Safety Officers Jose Cruz and Anthony Gonzalez were on routine motor patrol in a marked vehicle when they received a radio communication based on an anonymous source that there was a black man wearing a black cap and "all" black clothes, with a gun in his right hand pocket, on the 17th floor of building 33 in Co-op City. As they responded to the location, they received another transmission with a corrected location, to wit, the 17th floor of building 27C. As they headed toward building 27C, they received a third call indicating that the suspect had left the building, and was walking toward building 35, about 50 to 100 feet from building 27C. Officer Cruz testified that he saw defendant leave building 27C heading in the direction of building 35. Approximately 90 seconds had elapsed from the time the officers received the first communication to their spotting defendant, a black male who, at the time was wearing a black cap and was dressed entirely in black.

The officers radioed for backup while defendant crossed the street and stood in front of a community center. There were about 50 to 100 people in the vicinity. Once backup officers arrived, Officers Cruz and Gonzalez exited their vehicle with their guns drawn at their sides, and directed defendant to take his hands out of his pockets and move towards them. In response, defendant only shrugged his shoulders and said to the police words in effect, "You know me. What's going on?" Officer Gonzalez then pointed his gun at defendant and again directed him to remove his hands from his pockets, which defendant did "immediately". Gonzalez repeated his request to defendant to come toward him, but defendant kept moving around and said, "You know me. What is all this about?" At this point, Officers Gonzalez and Cruz, and backup Detective Pagan, grabbed defendant and pushed him against a lamppost. Once both of defendant's arms were held, Detective Pagan felt defendant's right hand pocket, reached in and recovered a .380 automatic pistol.

Any inquiry into the propriety of police conduct must weigh the degree of intrusion it entails against the precipitating and attending circumstances (*People v De Bour*, 40 NY2d 210, 223). An anonymous tip that gives a general description and location of an individual with a gun merely furnishes the police with the common-law right to inquire (*People v Stewart*, 41 NY2d 65, 69). However, where the anonymous information is so

specific and congruous with that which is actually encountered that the reliability of the tip may be reasonably assumed, or when the information provided by the tip is considered in conjunction with the attendant circumstances and exigencies, more intrusive police action may be justified (*People v Gaines*, 159 AD2d 175, 177, *lv withdrawn* 76 NY2d 986).

In *People v Salaman* (71 NY2d 869), a police officer received an anonymous tip of a black male with a gun at a specified location wearing a long beige overcoat and a maroon sweatshirt with a hood on it. On arriving at the intersection, he observed approximately 25 persons, but only one meeting the description. The officer then conducted a protective pat down of the individual's outer clothing. The Court found that the officer's independent observations corroborated the information received, both as to the specific description of the suspect and as to the exact location where he could be found. Noting also that it was night in a high crime neighborhood, and that the officer testified he acted for his own safety and others in the vicinity, the Court held the degree of intrusion was reasonable.

The tip in the case at bar was specific as to gender, race, the color of clothing, a type of clothing worn, to wit, a hat, the location of the reported individual and the time and direction of his movement. As in *People v Salaman* (*supra*), the observations by the police were also specific and congruous with the information in the report (*see also, People v Perez*, 224 AD2d 313, *affd* 88 NY2d 1059; *People v Tucker*, 207 AD2d 748, *lv denied* 84 NY2d 940; *People v Bora*, 191 AD2d 384, *affd* 83 NY2d 531 [sustaining common-law right of inquiry, but finding pat down would also have been permissible under *Salaman* based upon confirmation of report]). The police observed defendant at the reported location within 90 seconds of the report, matching the description, walking by himself from building 27C towards building 35, and no one else in the vicinity matched the description.

The foregoing, coupled with the report that the gun was in a pocket, warranted the precaution of the approach with guns drawn, but down to the side, and the minimally intrusive direction to defendant that he remove his hands from his pockets and come towards the police. Defendant's initial failure to comply and his continuing to move around thereafter only heightened the officers' evident concern for their safety and others in the vicinity (*People v Perez, supra; People v Tucker, supra; see also, People v Bora, supra; cf., People v Hickman*,

234 AD2d 151, *lv denied* 89 NY2d 1036).* Under the totality of the circumstances, the limited protective frisk was neither unreasonable nor excessively intrusive. Since the police conduct was lawful, there is no basis to suppress either the physical evidence or defendant's statements. Concur—Ellerin, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.

---

* The Court rejects defendant's argument that there was no evidence the police feared for their safety or others in the vicinity. Although the police witnesses did not specifically testify that they were fearful, such concern may be reasonably inferred in the circumstances at bar (*People v Batista*, 88 NY2d 650, 654).