■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JAMES, Appellant. [708 NYS2d 67] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered October 14, 1998, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 6½ years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. The police properly approached a van bearing a stolen license plate and other indicia of being a stolen vehicle. After defendant put his hands in his waistband and ignored the officer's command to show his hands, the officer reasonably believed that defendant was armed and dangerous, and properly drew his weapon in response (*see, People v Soto,* 266 AD2d 74; *People v Fajardo,* 209 AD2d 284, *lv denied* 84 NY2d 1031), instructing defendant not to move. When instead defendant reached under the driver's seat where he had been sitting, the officer reasonably believed that defendant had placed a weapon under the driver's seat, and was thus justified in conducting a search of that area, despite the fact that defendant was already outside the vehicle (*see, People v Carvey,* 89 NY2d 707).

The verdict was based on legally sufficient evidence and was

not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. We find that there was ample evidence of defendant's possession of the weapon.

Based on the existing record, we conclude that counsel provided meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714; *People v Baldi*, 54 NY2d 137).

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ. [As amended by unpublished order entered Aug. 17, 2000.]