■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZAKITY ABDUL-MALIK, Appellant. [750 NYS2d 92] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered March 29, 2000, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Harkavy, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress physical evidence recovered from his person. A radio report based on an anonymous telephone call to the 911 emergency number indicated that four black males wearing black clothing and practicing karate with white weapons in their hands and guns in their clothing were present at a particular location. Within minutes, the police arrived and found six black males fitting the description provided in the transmission. One of the officers observed the defendant, who had his hands in his pockets, step away from the others, circle the group, and make a movement on his right side, as if he were adjusting something in his waistband. The defendant initially refused to remove his hands from his pockets at the officer's request. When he finally did so, the officer placed him up against a wall. As the officer placed his hand on the defendant's back, he felt what appeared to be a bulletproof vest. The officer then patted the defendant's right side near his waistband and felt a hard object which appeared to be the butt of a gun. The officer recovered a gun from the defendant's waistband and then a second gun from a so-called "fanny pack."

While the information in the radio transmission did not, in and of itself, provide reasonable suspicion to stop and frisk the defendant (*see Florida v J.L.*, 529 US 266), the police officer's conduct was justified by his subsequent observations and the defendant's behavior at the scene (*see People v Carvey*, 89 NY2d 707, 712; *People v Herold*, 282 AD2d 1, 7-8; *People v Dawson*, 243 AD2d 318; *Matter of Clarence W.*, 210 AD2d 71). Since the police conduct was lawful, the hearing court properly denied that branch of the defendant's motion which was to suppress physical evidence. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.