■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BOWENS, Appellant. [779 NYS2d 582]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered September 5, 2002, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Grosso, J.), after a hearing (Demakos, J.H.O.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly denied those branches of his omnibus motion which were to suppress physical evidence and statements made to law enforcement authorities. While the detailed, accurate, and descriptive information provided by telephone by an anonymous citizen informant did not, standing alone, provide reasonable suspicion to stop and frisk the defendant (*see Florida v J.L.*, 529 US 266 [2000]; *People v William II*, 98 NY2d 93 [2002]), the arresting police officer's conduct was justified by his subsequent observations and the defendant's behavior inside the bar where the defendant was encountered (*see People v Celaj*, 306 AD2d 71 [2003], *affd* 1 NY3d 588 [2004]). Calling the defendant by the name provided in the anonymous tip, the officer asked the defendant if, as the tip indicated, he was armed. When the defendant failed to respond, and repeatedly let his arms drop toward his waist, the officers reasonably performed a protective pat down of the "weighted" bulge in his pants pocket, resulting in the discovery of a gun (*see People v Abdul-Malik*, 298 AD2d 595 [2002]). Thus, the police conduct was lawful (*see People v Herold*, 282 AD2d 1 [2001]).

The defendant's remaining contentions are without merit. S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.