■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN MOORE, Appellant. [785 NYS2d 536]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mason, J., at trial; Lott, J., at sentence), rendered April 30, 2002, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentencing. The appeal brings up for review the denial, after a hearing (Kreindler, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On November 12, 1997, at approximately 9:35 A.M., the arresting police officers received a radio report, based on an anonymous telephone tip, indicating that a black male with a medium frame, approximately 18 years of age, wearing a gray jacket and a red hat, was involved in a dispute with a gun at a described location. Within one minute, the officers arrived at the location and observed the defendant, matching the description, with no other similar individuals in the immediate vicinity. As the uniformed officers exited their car and approached the defendant, he began to walk away, prompting the officers to draw their guns and demand, "[p]olice, don't move." The defendant continued to walk for a short distance before obeying, standing by a wall and a closed gate which prevented him from walking further. Immediately thereafter, the defendant lifted his jacket and made a movement toward his waistband, then he put his arms up. One of the officers patted down the outer clothing of the defendant, felt a hard object in his left jacket pocket, and recovered a loaded gun.

Contrary to the defendant's contentions, the Supreme Court properly denied that branch of his omnibus motion which was to suppress the gun recovered from his possession. The detailed anonymous tip authorized the officers to exercise their common-law right of inquiry only and did not provide reasonable suspicion to stop and frisk the defendant (see Florida v J.L., 529 US 266 [2000]; People v William II, 98 NY2d 93 [2002]). Nevertheless, a frisk was justified by the defendant's conduct thereafter (see People v Bowens, 9 AD3d 372 [2004], lv denied 3 NY3d 704 [2004]; People v Celaj, 306 AD2d 71 [2003], affd 1 NY3d 588 [2004]). Specifically, upon finding his path blocked, the defendant reached toward his waistband, whereupon the officers possessed reasonable suspicion for the forceable stop and frisk

that revealed the defendant's possession of a .25 caliber handgun (*see People v Bowens, supra; People v Abdul-Malik*, 298 AD2d 595 [2002]). Thus, suppression was properly denied. H. Miller, J.P., S. Miller, Krausman and Goldstein, JJ., concur.