# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

130
KA 08-00621
PRESENT: SCUDDER, P.J., FAHEY,  PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

MARQUES T. CRISLER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 29, 2008.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress the gun and other tangible evidence found inside the coat that he discarded while fleeing from the police.  We reject that contention.  The initial observations of defendant by the police gave rise to an objective, credible reason for approaching him and asking him, in a manner that was "devoid of harassment or intimidation," where he had been prior to his encounter with the police (*People v De Bour*, 40 NY2d 210, 220; *see People v Hollman*, 79 NY2d 181, 190-191; *People v Moyaho*,12 AD3d 692, 693, *lv denied* 4 NY3d 766).  Contrary to the contention of defendant, his response to the request for that information, coupled with the observation by the police of a bulge in defendant's pocket that appeared to be consistent with a hidden firearm, provided the police with justification for taking the minimal precautionary measure of asking defendant to remove his hand from his pocket (*see De Bour*, 40 NY2d at 221; *People v Herold*, 282 AD2d 1, 7, *lv denied* 97 NY2d 682; *People v Dawson*, 243 AD2d 318, *lv denied* 91 NY2d 890).  We further conclude under the circumstances of this case that the police had the requisite reasonable suspicion to pursue defendant when he immediately fled in response to the request to remove his hand from his pocket (*see People v Cruz*, 14 AD3d 730, *lv denied* 4 NY3d 852; *People v Fajardo*, 209 AD2d 284, *lv denied* 84 NY2d 1031; *see generally People v Sierra*, 83 NY2d

928, 929), and that the coat was discarded by defendant during that lawful pursuit (*see People v Terry*, 190 AD2d 1064, 1065, *lv denied* 81 NY2d 1081).

By pleading guilty, defendant forfeited his further contention that the court should have adjourned the suppression hearing to enable him to obtain additional evidence to present at the suppression hearing (*see generally People v Campbell*, 73 NY2d 481, 486; *People v Oliveri*, 49 AD3d 1208, 1209; *People v Pryor*, 12 AD3d 695, *lv denied* 4 NY3d 802).

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court