■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. PIZZANO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered January 11, 1985, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing concurrent terms of a minimum of 9 years' imprisonment.

Ordered that the judgment is modified by adding a provision that the maximum terms of imprisonment shall be 18 years; as so modified, the judgment is affirmed.

The defendant's challenge to the sufficiency of the plea allocution is not preserved for appellate review as a matter of law (see, CPL 470.05 [2]; People v Hoke, 62 NY2d 1022; People v Pellegrino, 60 NY2d 636). In any event, the allocution satisfied the requirements of People v Harris (61 NY2d 9) and thus vacatur is not warranted (see, People v Pelchat, 62 NY2d 97, 108; People v Clairborne, 29 NY2d 950, 951).

During the plea proceedings, the court agreed to sentence the defendant to concurrent indeterminate terms of 9 to 18 years' imprisonment, as a second felony offender, in exchange

for his guilty plea to two counts of robbery in the first degree. The People repeated the terms of the promise at the outset of the sentence proceedings. At sentencing, the court set the minimum term of the sentence at nine years on each count but failed to state the maximum term of the sentence. All indications in the record support the conclusion that the failure to set the maximum term of the sentence was a mere oversight. The order of commitment states that a sentence of 9 to 18 years was imposed. In view of the clear indication as to the bargained-for sentence, remitting this matter for resentencing would be " 'futile and pointless' " *(People v Harris, supra,* at 20; *People v Esteves,* 41 NY2d 826, 827). In the exercise of our powers to correct errors, we impose the maximum term of 18 years inadvertently omitted by the sentencing court *(see, People v Wright,* 56 NY2d 613; *People v Minaya,* 54 NY2d 360, *cert denied* 455 US 1024). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.