■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE PETERKIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered January 2, 1986, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to object to the jury charge on the defense of justification as well as to the propriety of the prosecutor's remarks on summation and, accordingly, has not preserved these matters for appellate review. In any event, we find that the court's charge as to the defense of justification was proper and that the summation was not so egregious so as to rise to the level of a due process violation (see, People v Ashwal, 39 NY2d 105; People v Garcia, 52 NY2d 716).

Further, we note that the trial court did not abuse its discretion by refusing to substitute assigned counsel when the defendant failed to voice his dissatisfaction until the eve of trial and then only asserted vague and conclusory complaints. We note that counsel represented the defendant throughout the Huntley-Wade hearings and plea negotiations without complaint by the defendant. While the trial court is under a continuing duty to carefully evaluate complaints about assigned counsel to assure that the defendant is receiving effective assistance of counsel, the defendant herein failed to show good cause to justify substitution of counsel (see, People v Medina, 44 NY2d 199). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNOX PRESCOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pizzuto, J.), rendered November 23, 1982, convicting him of rape in the first degree (two counts), sodomy in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgement is affirmed.

Under the circumstances herein, the defense counsel's failure to request or pursue certain pretrial suppression hearings does not constitute ineffective assistance of counsel (see, People v Boero, 117 AD2d 814; People v Morris, 100 AD2d 630, affd 64 NY2d 803; People v Bonk, 83 AD2d 695). Viewing the trial in its entirety, the defendant received meaningful and effective representation (see, People v Baldi, 54 NY2d 137). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.