■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DAVIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered October 18, 1984, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not abuse its discretion in denying his motion to withdraw his guilty plea (see, People v Frederick, 45 NY2d 520, 524-525; People v Howard, 138 AD2d 525). The defendant acknowledged that he had ample opportunity to discuss his guilty plea with his attorney and to consider the proposed plea agreement. Moreover, during the plea allocution he provided a full factual recitation detailing his participation in the crime charged. His decision to enter a guilty plea appeared calculated to limit his sentencing exposure. During the change of plea proceedings, the court promised the defendant a sentence of an indeterminate term of from 4 to 8 years' imprisonment as a second felony offender. If convicted after trial of the crimes charged in the indictment the defendant faced a maximum sentence of an indeterminate term of from 7½ to 15 years' imprisonment. These facts coupled with the judicial policy favoring finality in disposition of guilty pleas (People v Frederick, supra) support the conclusion that the trial court properly denied the defendant's motion to withdraw his guilty plea. The court's denial of the defendant's request for a one- or two-week adjournment to enable him to discuss the proposed plea agreement with his family or its failure to hold an evidentiary hearing on his nonspecific claim of incompetency of defense counsel does not demonstrate that the guilty plea was involuntarily entered, particularly in light of the defendant's prior exposure to the

criminal justice system. Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.