■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY WILKINS, Also Known as WILLIAM WILKINS, Appellant. —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 11, 1985, convicting him of manslaughter in the first degree under indictment No. 5042/84, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 11, 1985, revoking a sentence of probation previously imposed under indictment No. 2054/83 upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of from 1½ to 4 years' imprisonment upon his previous conviction of attempted robbery in the third degree. The appeal under indictment No. 5042/84 brings up for review the denial (Bianchi, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by the defendant to law enforcement officials.

Ordered that the amended judgment under indictment No. 2054/83 is modified, on the law, by reducing the minimum term of imprisonment imposed to 1⅓ years; as so modified, the amended judgment is affirmed; and it is further,

Ordered that the judgment under indictment No. 5042/84 is affirmed.

The hearing court did not abuse its discretion in denying the defendant's request for the assignment of new counsel inasmuch as the court "carefully evaluated" the defendant's complaint (People v Medina, 44 NY2d 199, 207), and properly concluded that the basis for the request, i.e., that the defendant's attorney had engaged in plea negotiations and the defendant believed this was not in his "best * * * interest", did not constitute "good cause" for dismissal (see, People v Peterkin, 133 AD2d 472; People v Bold, 125 AD2d 583). Indeed,

after a lengthy colloquy with the court and counsel, during which the court explained to the defendant counsel's obligation to both communicate offers made by the prosecution and make recommendations thereon, the defendant, in essence, withdrew his request.

The defendant's challenge to the validity of his plea under indictment No. 5042/84 is unpreserved for appellate review by reason of his failure to have moved to vacate that plea prior to the imposition of sentence. In any event, the record reveals that the defendant knowingly and voluntarily waived both his right to appeal the denial of his suppression motion *(see, People v Williams,* 36 NY2d 829, 830, *cert denied* 423 US 873; *see, People v Smith,* 145 AD2d 517; *People v Seaberg,* 139 AD2d 53; *People v Feingold,* 125 AD2d 587)* and the defense of justification *(see, People v Riley,* 91 AD2d 671; *People v Corrado,* 65 AD2d 760).

We perceive of no basis to modify the sentence imposed on the manslaughter conviction, particularly since the defendant received the sentence for which he bargained *(see, People v La Lande,* 104 AD2d 1052). The sentence imposed for violation of probation on his conviction for attempted robbery in the third degree is, however, illegal, for, upon the imposition of a maximum term of imprisonment of 4 years, the permissible minimum is $1\frac{1}{3}$ years, not $1\frac{1}{2}$ years *(see,* Penal Law § 70.00 [2] [e]; 3 [b]). We therefore modify the minimum term imposed by the sentencing court under indictment No. 2054/83 to $1\frac{1}{3}$ years *(see, People v Pizzano,* 127 AD2d 858). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.