■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SAMPSON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (McInerney, J.), both rendered June 4, 1987, convicting him of criminal possession of a weapon in the third degree under indictment No. 138/87 and criminal sale of a controlled substance in the third degree (two counts) under indictment No. 217/87, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that he was denied the effective assistance of counsel is unavailing, inasmuch as the record demonstrates that he was afforded meaningful representation (see generally, People v Baldi, 54 NY2d 137). To the extent that the defendant's claim is based upon material which is dehors the record, it cannot be reviewed on this appeal and may properly be raised by postjudgment motion (see, People v

*Martella,* 135 AD2d 660). Moreover, the defendant's claim that his plea was coerced is not preserved for appellate review *(see, People v Claudio,* 64 NY2d 858; *People v Pellegrino,* 60 NY2d 636; *People v Wilkins,* 147 AD2d 601) and, in any event, the record contains no evidence to support the claim and instead indicates that his plea was knowingly and voluntarily entered *(see, People v Riley,* 120 AD2d 752).

Finally, the defendant is precluded from seeking review of the hearing court's determination of his motion challenging the audibility and admissibility of an inculpatory tape recording, inasmuch as he knowingly and voluntarily withdrew all motions at the time he entered his plea of guilty *(see, People v Thompson,* 140 AD2d 652; *People v Feingold,* 125 AD2d 587). Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.