■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MURRAY, Appellant. [666 NYS2d 716] —Motion by the defendant for reargument of an appeal from a judgment of the Supreme Court, Westchester County, dated May 16, 1995, which was determined by decision and order of this Court dated May 19, 1997.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that upon reargument the decision and unpublished order of this Court dated May 19, 1997, is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme

Court, Westchester County (Cowhey, J.), rendered May 16, 1995, convicting him of sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly denied, without, *inter alia,* an evidentiary hearing, the defendant's motion to withdraw his plea of guilty (*see,* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520; *People v Dickerson,* 163 AD2d 610). The defendant's allegations of coercion made at sentencing were belied by the record of the plea proceedings in which he expressly stated under oath that he was not coerced or threatened into pleading guilty. Furthermore, the sentencing court did not improvidently exercise its discretion by refusing to substitute assigned counsel when the defendant perfunctorily indicated dissatisfaction with counsel's representation but otherwise failed to elaborate thereon (*see, People v Peterkin,* 133 AD2d 472). Moreover, we note that defense counsel represented the defendant throughout the *Wade-Mapp* hearings and the plea negotiations without a previous complaint by the defendant (*see, People v Peterkin, supra; People v Gloster,* 175 AD2d 258). At the plea proceedings, the defendant indicated that he had fully discussed the plea of guilty with his counsel and that his counsel had answered any and all questions concerning the plea of guilty.

The defendant's remaining contention is without merit. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.