■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY VANDEMARK, Appellant. [671 NYS2d 540] —Yesawich Jr., J. Appeal from a judgment of the County Court of Ulster County (Eidens, J.), rendered January 7, 1997, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

On August 27, 1995, defendant was arrested after he stabbed his girlfriend during an argument; he was thereafter indicted on counts of assault in the first degree and criminal possession of a weapon in the third degree. Although defendant was represented by counsel during certain pretrial proceedings, on August 19, 1996 a new attorney (hereinafter defense counsel) was assigned to represent him. In response to a letter dated August 23, 1996, in which County Court had expressed its intention to set a trial date for defendant's case within the next two months, defense counsel indicated that inasmuch as he had been recently assigned to the matter, he was not sure that he could be ready for trial within the specified time frame. The case was conferenced on October 7, 1996, at which time defense counsel sought an adjournment to enable defendant to be evaluated by a psychiatrist, and was apparently instructed to submit a formal application for permission to retain an expert at the County's expense (see, County Law § 722-c). By order to show cause dated October 9, 1996 and returnable two days later, defense counsel complied with this directive. There is no indication in the record that the People opposed defendant's motion. Though defense counsel stated, in a letter to his

client, that the requested relief had been granted, an order to that effect was apparently never signed or entered. However, by letter dated November 1, 1996, County Court (Lamont, J.) notified the District Attorney's office and defense counsel that, inasmuch as defendant had indeed submitted an application to engage the services of an expert, the case would be scheduled for conference on November 25, 1996.

This representation notwithstanding, defendant was called to appear before a different Judge (Eidens, J.) on November 12, 1996. The following day (the matter having been put over for an undisclosed reason), defendant was presented with the option of either accepting a prior plea offer from the People or proceeding to trial that afternoon. Defense counsel strenuously objected and sought an adjournment to obtain the requested psychiatric consultation. County Court refused this request despite defense counsel's assertion that defendant was pleading guilty against his advice, and defendant's own statement that he felt he was being pressured by the District Attorney's office to stand trial without the benefit of psychiatric evidence to aid in his defense.

During the plea colloquy, defendant indicated that he was "confused" and refused to admit that he had acted with the requisite intent to harm the victim. County Court would not take a plea based on this colloquy and ordered a short recess, noting that it was prepared to go forward with the trial that afternoon. Following the recess, defendant pleaded guilty to all elements of assault in the first degree. Sentenced to a prison term of 3 to 9 years, defendant appeals.

We reverse. Initially, defendant maintains that County Court abused its discretion in denying his November 13, 1996 application for an adjournment. While the People correctly note that this is a matter typically committed to the sound discretion of the trial court (*see, People v Wright*, 192 AD2d 875, 876, *lv denied* 82 NY2d 809); under the circumstances presented here defendant's argument is persuasive. Given the court's November 1, 1996 letter implying that defendant would have at least until November 25, 1996 to procure the expert opinion he sought, it was patently unfair to compel him to proceed to trial, on short notice, almost two weeks before that date. As for the People's argument that the proposed defense strategy was meritless, it is enough to note that this is a contention that should have been interposed in opposition to defendant's original motion for permission to obtain a psychiatric examination.

In any event, regardless of the propriety of this ruling, we agree with defendant that his plea should be vacated. The

remarks made by defendant and his counsel at the plea colloquy and sentencing—at which time defense counsel again advanced defendant's charge that he had been coerced, and sought an adjournment (which was not granted) to allow for the preparation of a formal motion to withdraw the plea on that ground—should have alerted County Court to the need for a more thorough exploration of defendant's concerns about being compelled to plead guilty or stand trial without adequate preparation (*see, e.g., People v Moore*, 244 AD2d 706).

Mikoll, J. P., Mercure and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, guilty plea vacated and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.