■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETROS BEDI, Also Known as PETROS BABI, Appellant. [757 NYS2d 570] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Grosso, J.), rendered November 13, 2000, convicting him of conspiracy in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to conspiracy in the second degree in the instant case with the understanding that the sentence imposed would run concurrently with the sentence to be imposed on a drug-related charge pending against him in New York County. The plea agreement contemplated that, upon his plea allocution in the New York County case, the charges pending against his mother and sister in that case would be dismissed. The defendant was sentenced in the New York County case, and the charges were dismissed against his family members. Thereafter, when he appeared for sentencing in the instant case, the defendant moved to withdraw his plea on the ground that he had been coerced. The Supreme Court denied the motion.

The defendant's contention that the Supreme Court erred in denying his motion without an adequate inquiry is without merit. The court afforded the defendant a reasonable opportunity to advance his claim (*see People v Frederick,* 45 NY2d 520, 525 [1978]; *People v Tinsley,* 35 NY2d 926 [1974]). Although a determination as to the voluntariness of a plea requires special care where the plea is linked to the favorable treatment of a third party (*see People v Fiumefreddo,* 82 NY2d 536 [1993]), here, in view of the record of the plea proceedings, no further inquiry or hearing was required.

In the written plea agreement and in his plea allocution, the defendant denied that he was coerced or forced into entering a plea of guilty (*see People v Barnett,* 258 AD2d 526 [1999]; *People v Murray,* 245 AD2d 531 [1997]). Furthermore, there were lengthy negotiations which produced a detailed written plea agreement, and there was a detailed plea allocution in which the defendant acknowledged that he understood the terms of the plea agreement and admitted his guilt. There was no evi-

dence that the prosecutor acted in bad faith or used the plea bargain to put undue pressure on the defendant; rather, the plea was fair in that the defendant received concurrent sentences for crimes charged in two separate indictments. Moreover, the written plea agreement expressly provided that the defendant had decided that acceptance of the plea was in his own best interest (*see People v Fiumefreddo, supra*). Under the circumstances, the Supreme Court properly denied the defendant's motion.

The defendant's remaining contentions are without merit. Smith, J.P., McGinity, Cozier and Mastro, JJ., concur.