■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS CARTER, Appellant. [757 NYS2d 776] —Appeal by the defendant from two judgments of the County Court, Orange County (Berry, J.), both rendered August 3, 2001, convicting him of criminal possession of a controlled substance in the third degree under Superior Court Information No. 00-00669, and attempted robbery in the first degree under Indictment No. 00-00764, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

"Trial judges are vested with discretion in deciding plea withdrawal motions because they are best able to determine whether a plea is entered voluntarily, knowingly, and intelligently. It follows that a motion to withdraw a guilty plea will not be granted merely for the asking, for * * * a guilty plea generally 'marks the end of a criminal case [and is] not a gateway to further litigation'" (*People v Alexander,* 97 NY2d 482, 485 [2002], quoting *People v Taylor,* 65 NY2d 1, 5 [1985]). The County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty to the crime of attempted robbery in the first degree under Indictment No. 00-00764. The defendant's conclusory allegations

regarding coercion, and his dissatisfaction with counsel and the promised sentence were refuted by the record and are insufficient to warrant the substitution of assigned counsel or the withdrawal of his plea (*see People v Rivas*, 260 AD2d 583 [1999]; *People v Anthony*, 208 AD2d 637 [1994]; *People v Evans*, 204 AD2d 346 [1994]). His contention that the County Court should have permitted him to withdraw his plea because it was induced by an unfulfilled sentence promise is unpreserved for appellate review and, in any event, is without merit.

By pleading guilty before the conclusion of the hearing and a decision on his suppression motion, the defendant forfeited appellate review of the suppression issues (*see People v Fernandez*, 67 NY2d 686 [1986]; *People v Holmes*, 268 AD2d 597 [2000]; *People v Corti*, 88 AD2d 345 [1982]).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Altman, J.P., Smith, McGinity and Cozier, JJ., concur.