■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BANDELT, Appellant. [760 NYS2d 506] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.) rendered March 25, 2002, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On the day that had been chosen for the selection of a jury in connection with his impending trial, the defendant appeared in the County Court with assigned counsel. After consulting with his attorney, the defendant decided to plead guilty to one of the several charges in the indictment. The record establishes that the defendant pleaded guilty because he knew that he faced probable conviction on that charge, as well as on other counts contained in the indictment, in the event he proceeded to trial, and because he wished to take advantage of the

People's plea offer in order to avoid the possibility that such a conviction might lead to a sentence consisting of a prison term significantly longer than that promised to him as part of the plea offer.

The defendant's subsequent motion to withdraw his plea (*see* CPL 220.60 [3]) was based primarily on assertions that he had been unduly pressured to plead guilty as a result of the County Court's refusal to grant his last-minute request for an adjournment of trial, supposedly needed in order to permit the defendant to secure the services of retained counsel. The County Court had ample justification for denying the last-minute request for an adjournment on the basis that it was a dilatory tactic (*see e.g. People v Tineo,* 64 NY2d 531, 536-537 [1985]; *People v Sawyer,* 57 NY2d 12, 18-19 [1982], *cert denied* 459 US 1178 [1983]; *People v Arroyave,* 49 NY2d 264, 271 [1980]; *People v White,* 291 AD2d 250, 251 [2002]; *People v Erber,* 210 AD2d 250 [1994]; *People v Gloster,* 175 AD2d 258 [1991]; *People v Branch,* 155 AD2d 473 [1989]).

There is no evidence that the defendant, or his attorney, was misled as to the date that was scheduled for trial (*cf. People v Vandemark,* 249 AD2d 709 [1998]). Also, the defendant acknowledged at a later point in the plea proceeding that he had been afforded a sufficient amount of time to consult with assigned counsel before deciding to plead guilty (*see People v Faison,* 270 AD2d 717 [2000]; *People v Davis,* 144 AD2d 576 [1988]). Under these circumstances, the County Court providently exercised its discretion in denying, without a hearing, the defendant's subsequent motion to withdraw his plea (*see People v Tinsley,* 35 NY2d 926, 927 [1974]; *see also People v Fiumefreddo,* 82 NY2d 536 [1993]; *People v Frederick,* 45 NY2d 520 [1978]; *cf. People v McClain,* 32 NY2d 697 [1973]).

The defendant's remaining contentions either are unpreserved for appellate review (*see People v Curry,* 301 AD2d 658 [2003]; *People v Velez,* 301 AD2d 619 [2003]; *People v Skye,* 298 AD2d 889 [2002]), or without merit. Ritter, J.P., Smith, S. Miller and Schmidt, JJ., concur.