■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. LYONS, Appellant. [761 NYS2d 852] —Appeal by the defendant from an amended judgment of the County Court, Dutchess County (Dolan, J.), rendered May 23, 2002, revoking a sentence of probation previously imposed by the same court, upon his admission that he violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminally negligent homicide.

Ordered that the amended judgment is affirmed.

The defendant contends that he was denied the effective assistance of counsel because his attorney failed to request a competency examination to determine his capacity to assist in his own defense. However, there is no basis to conclude that at the time of admission to the violation of probation, the defendant lacked the capacity to understand the proceeding against him or to assist in his own defense (*see* CPL 730.10 [1]; *People v Rivas*, 206 AD2d 549 [1994]; *People v Johnston*, 186 AD2d 680 [1992]; *People v Rogers*, 163 AD2d 337 [1990]). The defendant responded coherently and rationally during the proceeding and indicated that he understood the implications of his decision to waive his right to a hearing. The record as a whole reveals that the defendant received the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137 [1981]).

The imposition of the minimum term of incarceration was not excessive in light of the defendant's violation of probation (*see People v Knowles*, 244 AD2d 425 [1997]). Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.