■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON KESSLER, Appellant. [772 NYS2d 582]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Weinberg, J.), rendered October 30, 2001, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's plea of guilty was knowingly, intelligently, and voluntarily entered. The County Court therefore properly denied his motion to withdraw the plea without a hearing, as his conclusory allegations of coercion and ineffective assistance of counsel were contradicted by the record and insufficient to warrant vacatur of the plea (*see People v Curras,* 1 AD3d 445 [2003]; *People v Guerrero,* 307 AD2d 935 [2003], *lv denied* 1 NY3d 572 [2003]; *People v Carter,* 304 AD2d 771 [2003]; *People v Bedi,* 303 AD2d 687 [2003]; *People v Solis,* 302 AD2d 542 [2003]).

There is no merit to the defendant's contention that the court erred in failing to conduct a mental competency hearing (*see People v Pitt,* 264 AD2d 786 [1999]; *People v Totman,* 269 AD2d 617 [2000]). "A review of the plea colloquy and sentencing minutes reveals nothing suggesting that [the] defendant was disoriented or unable to understand the proceedings or work with his attorney . . . The mere existence of a notation in the presentence report that [the] defendant, some . . . years earlier, had been diagnosed as suffering from a mental disorder, does not, without more, trigger a duty to inquire further as to his competency" (*People v Wheeler,* 249 AD2d 774, 774-775 [1998]; *see also People v Lyons,* 306 AD2d 541 [2003]). In addition, contrary to his contention, the defendant received effective assistance of counsel (*see People v Baldi,* 54 NY2d 137 [1981]). The defendant's attorney negotiated an advantageous plea agreement that substantially limited his exposure to imprisonment (*see People v Pitt, supra* at 787). Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.