■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ABNEY, Appellant. [781 NYS2d 456]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered August 22, 2002, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's plea of guilty was knowingly, intelligently, and voluntarily entered. The County Court therefore properly denied the defendant's motion to withdraw his plea, without a hearing, as his conclusory allegations of coercion were contradicted by the record and were insufficient to warrant vacatur of the plea (*see People v Curras,* 1 AD3d 445, 446 [2003]; *People v Guerrero,* 307 AD2d 935 [2003]; *People v Carter,* 304 AD2d 771 [2003]; *People v Bedi,* 303 AD2d 687 [2003]; *People v Solis,* 302 AD2d 542 [2003]).

The defendant's motion to withdraw his plea was based upon the assertion that he was unduly pressured into pleading guilty as a result of the County Court's refusal to grant his counsel's last-minute request to be relieved and for an adjournment in order to permit him to secure the services of new counsel. The County Court providently exercised its discretion in denying the motion. The defendant was afforded a reasonable opportunity to retain counsel of his own choosing before trial (*see People v Wright,* 287 AD2d 526 [2001]), and the defendant's disagreement with his assigned counsel amounted to little more than a dispute over trial tactics and strategy (*see People v Jones,* 302 AD2d 476, 477 [2003]). Under the circumstances, the County Court had ample justification for concluding that the request to be relieved and for an adjournment was merely a dilatory tactic

(*see People v Bandelt,* 304 AD2d 835, 836 [2003]; *People v Jones, supra* at 477; *People v Wright, supra* at 527; *People v Robinson,* 285 AD2d 478 [2001]; *People v Myhand,* 260 AD2d 409, 410 [1999]).

"By withdrawing all motions, pending and decided, the defendant waived his right to seek appellate review of the suppression ruling" (*People v Jones,* 288 AD2d 322 [2001]).

The defendant's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.