■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORILYNN MULLEN, Appellant. [908 NYS2d 350]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered February 19, 2008, convicting her of grand larceny in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court providently exercised its discretion in denying the defendant's motion to withdraw her plea of guilty based on her claims of innocence, coercion, and ineffective assistance of counsel since her claims were belied by her statements made at the plea proceedings (*see* CPL 220.60 [3]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Frederick*, 45 NY2d 520, 525 [1978]; *People v Gedin*, 46 AD3d 701 [2007]; *People v Brown*, 13 AD3d 548, 549 [2004]; *People v Abney*, 10 AD3d 617 [2004]).

The defendant's contention that her plea of guilty was not voluntary because she did not have enough time to contemplate the amount of restitution that was included in the terms of her plea agreement is unpreserved for appellate review since she did not move to withdraw her plea on that basis (*see People v Bolton*, 63 AD3d 1087 [2009]; *People v Scoca*, 38 AD3d 801 [2007]; *People v Velazquez*, 21 AD3d 388 [2005]). In any event, the defendant entered her plea after discussing the issue of restitution with competent counsel (*see People v Oyague*, 237

AD2d 311 [1997]; *People v Sampson*, 156 AD2d 492, 493 [1989]; *People v Riley*, 120 AD2d 752 [1986]).

The defendant's remaining contentions are either waived, forfeited, or based on matter dehors the record (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Petgen*, 55 NY2d 529, 535 n 3 [1982]; *People v Bravo*, 72 AD3d 697 [2010], *lv denied* 15 NY3d 747 [2010]; *People v Burton*, 69 AD3d 644 [2010]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.