■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFREM Z. RUSSELL, Appellant. [871 NYS2d 702]—Appeals by the defendant from (1) a judgment of the County Court, Nassau County (Jaeger, J.), rendered May 23, 2007, convicting him of burglary in the first degree (four counts), robbery in the first degree (two counts), robbery in the second degree (three counts), attempted robbery in the first degree, and attempted robbery in the second degree under indictment No. 1019/06, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court also rendered May 23, 2007, convicting him of burglary in the first degree, robbery in the first degree, and robbery in the second degree under indictment No. 2458/06, upon his plea of guilty, and imposing sentence. The appeals bring up for review the denial, after a hearing (Calabrese, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgments are affirmed.

The hearing court properly denied those branches of the defendant's omnibus motion which were to suppress identification testimony and his post-arrest statements to law enforcement officials, as the evidence presented by the People demonstrated that the police had probable cause to arrest the defendant (*see* CPL 140.10 [1] [b]; *People v Bigelow*, 66 NY2d 417, 423 [1985]; *People v Tin P. Chu*, 8 AD3d 399 [2004]). Moreover, the defendant failed to establish that in making his statements to the police, his "will was overborne and his capacity for self-determination critically impaired" (*People v White*, 10 NY3d

286, 292 [2008], quoting *People v Anderson,* 42 NY2d 35, 41 [1977]). Additionally, contrary to the defendant's contentions, the photo array and lineup viewed by the complainants were not unduly suggestive, as the individuals viewed were sufficiently similar in appearance to the defendant (*see People v Chipp,* 75 NY2d 327, 336 [1990]; *People v Miller,* 33 AD3d 728 [2006]).

By pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel which did not directly involve the plea bargaining process (*see People v Silent,* 37 AD3d 625 [2007]).

The defendant's remaining contentions are without merit. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.