■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PERAZZO, Appellant. [886 NYS2d 43]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered June 5, 2003, convicting him of grand larceny in the second degree (six counts) and grand larceny in the third degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"The defendant's waiver of his right to appeal precludes appellate review of his [contention] that he was denied effective assistance of counsel except to the extent that the alleged ineffective assistance of counsel [may have] affected the voluntariness of his plea" (*People v Rossetti*, 55 AD3d 637, 638 [2008]; *People v McCollum*, 54 AD3d 690 [2008]; *People v Perez*, 51 AD3d 1043 [2008]). Moreover, "[b]y pleading guilty, the defendant forfeited . . . his claims of ineffective assistance of counsel which do not directly involve the bargaining process" (*People v Russell*, 58 AD3d 759, 760 [2009]; *People v DeLuca*, 45 AD3d 777 [2007]; *People v Turner*, 40 AD3d 1018, 1019 [2007]). With respect to the defendant's contention that his plea of guilty was coerced as a result of the alleged ineffectiveness of his trial counsel, " '[a] motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court' " (*People v Gedin*, 46 AD3d 701 [2007], quoting *People v Levy*, 39 AD3d 670, 671 [2007]; *see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 485 [2002]). "The defendant's [contention] that his plea of guilty was coerced as a result of the alleged ineffectiveness of his trial counsel is belied by [the record]" (*People v Gedin*, 46 AD3d at 701; *People v Gutierrez*, 35 AD3d 883 [2006]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's application to withdraw his plea of guilty. Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.