■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENEE PAUL BRAVO, Appellant. [899 NYS2d 280]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Bartlett, J.), rendered July 20, 2006, convicting him of sexual abuse in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

A motion to withdraw a plea of guilty is addressed to the sound discretion of the sentencing court (*see* CPL 220.60 [3]; *People v Villalobos*, 71 AD3d 924 [2010]; *People v Hearns*, 70 AD3d 856 [2010]). Here, the County Court's denial of the defendant's motion to withdraw his plea of guilty was not an improvident exercise of discretion (*see People v Massey*, 70 AD3d 722 [2010]; *People v Rivera*, 65 AD3d 1265 [2009]; *People v Perazzo*, 65 AD3d 1058, 1059 [2009]).

The record reveals that the defendant's plea of guilty was knowing, voluntary, and intelligent (*see People v Fiumefreddo*, 82 NY2d 536 [1993]; *People v Harris*, 61 NY2d 9 [1983]; *People v Mann*, 32 AD3d 865, 866 [2006]). His contention that the plea was coerced by the County Court and by defense counsel is without merit. The County Court did not threaten to sentence the defendant to the maximum term upon a conviction after trial, but only informed him of his sentence exposure in that event. Such remarks are informative, not coercive (*see People v Robinson*, 64 AD3d 1248 [2009]; *People v Pagan*, 297 AD2d 582 [2002]). Although the County Court misstated the defendant's sentencing exposure, we find, under the circumstances here, including the defendant's age and the statutory provisions governing multiple consecutive sentences (*see* Penal Law § 70.30), that the misstatement could not have influenced the defendant's decision to plead guilty (*see People v Garcia*, 92 NY2d 869, 870-871 [1998]; *People v Bruchanan*, 37 AD3d 169 [2007]).

Moreover, to the extent that the defendant's contentions regarding the effectiveness of his attorney involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Moss*, 70 AD3d 862 [2010]; *People v Vasquez*, 40 AD3d 1134, 1135 [2007]). To the extent that the defendant's claims regarding his attorney are based on matters appearing in the record, they are meritless (*see People v Vega*, 256 AD2d 367, 368 [1998]). The record casts no doubt on counsel's effectiveness (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Moss*, 70 AD3d 862 [2010]; *cf. Strickland v Washington*, 466 US 668 [1984]).

Finally, the defendant pleaded guilty with the full understanding that he would receive the sentence actually imposed and, therefore, he has no basis now to complain that the sentence imposed is excessive (*see People v Kazepis*, 101 AD2d 816, 817 [1984]). In any event, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.