■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RODRIGUEZ-OVALLES, Also Known as DANIEL RODRIGUEZ, Also Known as DANIEL OVALLES, Appellant. [903 NYS2d 258]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered May 22, 2009, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently made is without merit (*see People v Lopez*, 6 NY3d 248, 256 [2006]). As the defendant correctly argues, a claim with respect to the voluntariness of a plea survives even a valid waiver of the right to appeal (*see People v Elcine*, 43 AD3d 1176, 1177 [2007]). However, the defendant's contention that his plea was not knowing and voluntary is unpreserved for appellate review because he failed to move to withdraw his plea of guilty prior to sentencing (*see* CPL 220.60 [3]; *People v Marcinak*, 69 AD3d 654, 655 [2010], *lv denied* 14 NY3d 842 [2010]; *People v Velez*, 64 AD3d 799 [2009]). In any event, the record demonstrates that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (*see People v Marcinak*, 69 AD3d at 655).

Moreover, by pleading guilty, the defendant forfeited his

claims of ineffective assistance of counsel to the extent that they do not directly involve the bargaining process (*see People v Aguayo*, 73 AD3d 938 [2010]; *People v Perazzo*, 65 AD3d 1058, 1059 [2009]; *People v Russell*, 58 AD3d 759, 760 [2009]). To the extent that the claim can be reviewed, and involves an alleged effect on the voluntariness of his plea of guilty, the defendant was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

The defendant's waiver of his right to appeal precludes review of his remaining contentions. Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur.