■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MARTINEZ, Appellant. [910 NYS2d 684]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered February 20, 2007, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not voluntary because it was coerced is unpreserved for appellate review, since he did not move to withdraw his plea on that basis (*see* CPL 220.60 [3]; 440.10, 470.05 [2]; *People v Santiago*, 71 AD3d 703, 704 [2010]; *People v Mitchell*, 69 AD3d 883 [2010]; *People v Bolton*, 63 AD3d 1087 [2009]), and nothing that occurred during his allocution called into question the voluntariness of his plea (*see People v Seeber*, 4 NY3d 780, 781 [2005]). In any event, the defendant acknowledged under oath during the plea proceeding that no one had threatened, forced, or pressured him into pleading guilty, which belies his present claim of coercion (*see People v Perez*, 51 AD3d 1043 [2008]; *People v Beasley*, 50 AD3d 697 [2008]; *People v Lopez*, 34 AD3d 599, 599 [2006]).

To the extent that the defendant's contention regarding the effectiveness of his attorney involves matter dehors the record, it may not be reviewed on direct appeal (*see People v Moss*, 74 AD3d 1360 [2010]; *People v Moss*, 70 AD3d 862 [2010]; *People v Vasquez*, 40 AD3d 1134, 1135 [2007]). Insofar as we are able to review the defendant's conclusory claim of ineffective assistance of counsel, we find that it is belied by his statements during the plea proceedings (*see People v Mullen*, 77 AD3d 686 [2d Dept 2010]; *People v Gedin*, 46 AD3d 701 [2007]; *People v Taylor*, 17 AD3d 491 [2005]; *People v Carter*, 304 AD2d 771, 772 [2003]).

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis now to complain that the sentence was excessive (*see People v Hollingsworth*, 74 AD3d 1359, 1360 [2010]; *People v Flakes*, 240 AD2d 428, 429 [1997]; *People v Kazepis*, 101 AD2d 816 [1984]). Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.