■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SCIVOLETTE, Appellant. [914 NYS2d 662]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered March 23, 2010, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court coerced him into pleading guilty is unpreserved for appellate review (*see People v Dash*, 74 AD3d 1859, 1859-1860 [2010]; *People v Bolton*,

63 AD3d 1087 [2009]). In any event, the defendant's contention is unsupported by the record (*see People v Bravo*, 72 AD3d 697, 698 [2010]; *People v Grant*, 61 AD3d 177, 182-183 [2009]; *People v Denson*, 40 AD3d 1266 [2007])..

The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (*see People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Williams*, 70 AD3d 1059, 1060 [2010]; *People v Kelly*, 50 AD3d 921 [2008]). Moreover, the "rare case" (*People v Lopez*, 71 NY2d 662, 666 [1988]) exception to the preservation requirement does not apply here because the defendant's allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Nash*, 38 AD3d 684 [2007]). In any event, the facts admitted by the defendant in his allocution were sufficient to support his plea of guilty (*see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Colston*, 68 AD3d 1130, 1131 [2009]; *People v Carter*, 7 AD3d 389 [2004]).

"[B]y pleading guilty, the defendant forfeited his claims of ineffective assistance of counsel to the extent that they do not directly involve the bargaining process" (*People v Rodriguez-Ovalles*, 74 AD3d 1368, 1368-1369 [2010]; *see People v Perazzo*, 65 AD3d 1058, 1059 [2009]). To the extent that the claims can be reviewed, and involve an alleged effect on the voluntariness of his plea of guilty, the defendant was afforded meaningful representation (*see People v Rodriguez-Ovalles*, 74 AD3d at 1369).

"[S]ince the defendant received the sentence for which he bargained, he has no basis to complain that the sentence imposed was excessive" (*People v Gheradi*, 68 AD3d 892, 893 [2009]; *see People v Kazepis*, 101 AD2d 816 [1984]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.