■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BURGESS, Appellant. [917 NYS2d 881]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered January 22, 2010, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his plea of guilty was knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]). The defendant's assertion that his plea was pressured or coerced is belied by the record (*see People v Scott*, 77 AD3d 689, 689 [2010]; *People v Aguayo*, 73 AD3d 938, 939 [2010]; *People v Mirecki*, 63 AD3d 1089 [2009]).

We find the defendant's waiver of his right to appeal was not valid. However, " '[b]y pleading guilty, the defendant forfeited . . . his claims of ineffective assistance of counsel which do not directly involve the bargaining process' " (*People v Perazzo*, 65 AD3d 1058, 1059 [2009], quoting *People v Russell*, 58 AD3d 759, 760 [2009]; *see People v DeLuca*, 45 AD3d 777 [2007]; *People v Turner*, 40 AD3d 1018, 1019 [2007]). Moreover, "[t]o the extent that the defendant's claim that he was deprived of the effective assistance of counsel involves matter dehors the record, it cannot be reviewed on direct appeal" (*People v Bermejo*, 77 AD3d 965, 966 [2010]; *see People v Kent*, 79 AD3d 52, 72 [2010]; *People v Tillman*, 74 AD3d 1251 [2010]; *People v Surin*, 70 AD3d 731, 732 [2010]). Insofar as the defendant's claim may properly be reviewed, the record reveals that defense counsel provided effective assistance (*see People v Henry*, 95 NY2d 563 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]). Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.