Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered March 15, 2012, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (see People v Seeber, 4 NY3d 780 [2005]; People v McClurkin, 96 AD3d 784, 785 [2012]; People v Bivens, 88 AD3d 808 [2011]; People v Mann, 32 AD3d 865, 866 [2006]). Here, the defendant knowingly, voluntarily, and intelligently entered his negotiated plea of guilty with the assistance of competent counsel in exchange for the promise of a favorable sentence (see People v Fiumefreddo, 82 NY2d 536 [1993]; People v Harris, 61 NY2d 9 [1983]; People v Pooler, 58 AD3d 757 [2009]; People v Ford, 44 AD3d 1070 [2007]). Contrary to the defendant’s contention, the remarks made by the County Court and the prosecutor during the plea proceeding regarding the defendant’s possible sentence exposure were he to proceed to trial were informative, not coercive (see People v Foster, 99 AD3d 812, 813 [2012], lv denied 20 NY3d 986 [2012]; People v Strong, 80 AD3d 717, 718 [2011]; People v Bravo, 72 AD3d 697, 698 *821 [2010]). Furthermore, the court properly advised the defendant of the constitutional rights he would forfeit by pleading guilty, including his right to a jury trial (see People v Harris, 61 NY2d at 17-18; People v Maddox, 105 AD2d 849 [1984]), and the defendant’s acknowledgment under oath during the plea proceeding that no one had threatened, forced, or pressured him into pleading guilty, belied his subsequent claim of coercion (see People v Martinez, 78 AD3d 966, 967 [2010]; People v Perez, 51 AD3d 1043 [2008]; People v Beasley, 50 AD3d 697 [2008]). Accordingly, the court providently exercised its discretion in denying the defendant’s motion to withdraw his plea of guilty. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.