■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS LOPEZ, Appellant. [971 NYS2d 351]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered January 18, 2011, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, or intelligently entered because he was under duress by the County Court to accept the plea agreement without having sufficient time to consider it is unpreserved for appellate review, since he did not move to withdraw his plea on that basis (*see People v Leshore*, 106 AD3d 836 [2013]; *People v Mullen*, 77 AD3d 686, 686 [2010]; *People v Bolton*, 63 AD3d 1087, 1087 [2009]; *People v Scoca*, 38 AD3d 801, 801 [2007]). In any event, the defendant's claim is belied by the fact that, under oath, the defendant acknowledged that no one had threatened, coerced, or forced him to plead guilty, and that he was entering his plea of guilty freely and voluntarily (*see People v Tavares*, 103 AD3d 820, 821 [2013]; *People v Martinez*, 78 AD3d 966, 967 [2010]; *People v Perez*, 51 AD3d 1043, 1043 [2008]). Moreover, the court properly advised the defendant of the constitutional rights he would automatically forfeit by pleading guilty (*see People v Tavares*, 103 AD3d at 821).

The defendant's contention that he did not receive the effective assistance of counsel because his counsel did not sufficiently prepare for the proceedings or conduct legal and factual investigations to allow the defendant to make an informed decision with respect to the plea agreement is not reviewable on this appeal, since it is based, in part, on matter outside the record, and thus constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]).

The parties' remaining contentions need not be reached in light of our determination. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.