*655 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered October 4, 2011, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
Although the defendant validly waived his right to appeal, his claim with respect to the voluntariness of the plea survives such a waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Joseph, 103 AD3d 665 [2013]; People v Cohen, 100 AD3d 919 [2012]). The defendant’s motion to withdraw his plea of guilty was properly denied. The record establishes that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty after being informed, through an interpreter, of the rights he would be forfeiting by pleading guilty and the direct consequences of his plea (see People v Harris, 61 NY2d 9, 16-17 [1983]; People v Andrea, 98 AD3d 627 [2012]; People v Lu Yang Tong, 238 AD2d 607 [1997]). In support of his motion to withdraw his plea, the defendant’s new attorney alleged that the defendant’s former counsel had advised the defendant that he would not prevail at trial and would be subject to a much greater sentence if convicted after trial. Even if these allegations are true, they do not constitute coercion on the part of his former attorney (see People v Elting, 18 AD3d 770, 771 [2005]; People v Charles, 256 AD2d 472, 473 [1998]; People v Samuel, 208 AD2d 776, 777 [1994]). Nor did the Supreme Court’s remarks regarding the defendant’s sentence exposure in the event he were to be convicted after trial constitute coercion (see People v Bravo, 72 AD3d 697, 698 [2010]). In any event, the defendant’s claims of coercion are belied by his statements under oath on the record acknowledging that no one had forced or coerced him to plead guilty and that he was pleading guilty voluntarily (see People v Duncan, 78 AD3d 1193, 1194 [2010]; People v Turner, 23 AD3d 503, 503-504 [2005]; People v Raymond, 3 AD3d 587 [2004]).
The defendant’s waiver of the right to appeal precludes appellate review of any challenge to the factual allocution of the plea (see People v Devodier, 102 AD3d 884 [2013]), and his claim that he was denied his right to the effective assistance of counsel, except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of his plea (see People v Montalvo, 105 AD3d 774, 775 [2013]; People v Ramos, 77 AD3d 773, 774 [2010]). Moreover, by pleading guilty, the defendant forfeited those claims of ineffective assistance of counsel that did not directly involve the plea bargaining process (see *656 People v Perazzo, 65 AD3d 1058, 1059 [2009]; People v Russell, 58 AD3d 759, 760 [2009]; People v DeLuca, 45 AD3d 777 [2007]). The defendant’s contention that his plea of guilty was coerced as a result of the alleged ineffectiveness of his former attorney is belied by the record (see People v Perazzo, 65 AD3d at 1059; People v Gedin, 46 AD3d 701 [2007]). Furthermore, the record reveals that the defendant was not deprived of the effective assistance of counsel, as his former attorney provided meaningful representation (see People v Ford, 86 NY2d 397, 404 [1995]; People v Boodhoo, 191 AD2d 448, 449 [1993]). Dillon, J.E, Leventhal, Chambers and Miller, JJ., concur.