THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MARRYSHOW, Appellant. [24 NYS3d 170]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered June 24, 2014, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty is addressed to the sound discretion of the court, and its determination generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Seeber*, 4 NY3d 780 [2005]; *People v Edmunson*, 109 AD3d 621 [2013]; *People v Dazzo*, 92 AD3d 796 [2012]; *People v Caruso*, 88 AD3d 809 [2011]). The court's remarks at the outset of the plea proceeding, that the People's plea offer would no longer be available if the defendant proceeded with the suppression hearing, were informative and not coercive (*see e.g. People v Solis*, 111 AD3d 654, 655 [2013]; *People v Strong*, 80 AD3d 717 [2011]; *People v Bravo*, 72 AD3d 697, 698 [2010]). Likewise, the court's

statement to the defendant, who was not a United States citizen, that his plea of guilty would lead to his removal from the United States, properly advised the defendant of the consequences of his plea and was not coercive (*see People v Peque*, 22 NY3d 168 [2013]; *People v Morocho*, 129 AD3d 1107, 1108 [2015]; *People v Taveras*, 123 AD3d 745 [2014]). Furthermore, the defendant's unequivocal acknowledgment under oath during the plea proceeding that no one had threatened, coerced, or influenced him against his will into pleading guilty and that he was satisfied with the services provided by his attorneys belied his subsequent claims that he was coerced by the court and his former attorney, and that his former attorney was ineffective (*see People v Bennett*, 115 AD3d 973, 974 [2014]; *People v Howard*, 109 AD3d 487, 488 [2013]; *People v Tavares*, 103 AD3d 820 [2013]; *People v Martinez*, 78 AD3d 966, 967 [2010]). Accordingly, the court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty.

The defendant's contention that he was not afforded the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.