█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIAH J. McCRACKEN, Appellant. [28 NYS3d 890]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered February 26, 2015, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was coerced by the County Court because it participated in the plea negotiations is unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise this issue before the County Court (*see People v Lopez*, 109 AD3d 1007, 1007 [2013]; *People v Leshore*, 106 AD3d 836, 836 [2013]; *People v Lopez*, 34 AD3d 599, 599 [2006]). In any event, the defendant's claim is belied by the record, which reveals that the defendant acknowledged under oath that nobody was forcing, threatening, or coercing him to plead guilty and he was pleading guilty of his own free will (*see People v Tavares*, 103 AD3d 820, 821 [2013]; *People v Martinez*, 78 AD3d 966, 967 [2010]; *People v Perez*, 51 AD3d 1043, 1043 [2008]). The fact that the County Court participated in the plea negotiations, without more, does not establish that the plea was coerced (*see People v Scannell*, 134 AD3d 738, 738 [2015]; *McMahon v Hodges*, 382 F3d 284,

289 n 5 [2004]; *Damiano v Gaughan*, 770 F2d 1, 2 [1985]; *Frank v Blackburn*, 646 F2d 873, 882 [1980]; *Toler v Wyrick*, 563 F2d 372, 374 [8th Cir 1977]). Chambers, J.P., Austin, Roman and Duffy, JJ., concur.