■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ATIQ WESTON, Appellant. [43 NYS3d 413]—Appeals by the defendant from (1) a judgment of the County Court, Orange County (Freehill, J.), rendered June 16, 2014, convicting him of robbery in the first degree (two counts) under indictment No. 13-00494, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered June 16, 2014, convicting him of manslaughter in the first degree under superior court information No. 14-00297, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's contention that his pleas of guilty were coerced by the County Court because of the restrictions imposed by it in various protective orders and lockdown orders, is unpreserved for appellate review, since he did not move to withdraw his pleas or otherwise raise this issue before the court (*see People v Toxey*, 86 NY2d 725, 726 [1995]; *People v McCracken*, 138 AD3d 1147, 1147 [2016]; *People v Gomez*, 137 AD3d 1161, 1162 [2016]; *People v Yanez-Mejia*, 133 AD3d 801, 801 [2015]). In any event, the defendant's claim is belied by the record, which reveals that the defendant acknowledged under oath that nobody was forcing, threatening, or coercing him to plead guilty, and that he was entering the pleas freely and voluntarily (*see People v McVay*, 140 AD3d 1090, 1090-1091 [2016]; *People v Ward*, 140 AD3d 903, 904 [2016]; *People v Marryshow*, 135 AD3d 964, 964 [2016]).

The defendant's waiver of the right to appeal precludes appellate review of his claim of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of the pleas (*see People v Moore*, 140 AD3d 1091, 1091-1092 [2016]; *People v Jessamy*, 137 AD3d 1056, 1056 [2016]). Moreover, by pleading guilty, the defendant forfeited those claims of ineffective assistance of counsel that did not directly involve the plea bargaining process (*see People v Solis*, 111 AD3d 654, 655 [2013]; *People v Perazzo*, 65 AD3d 1058, 1059 [2009]). To the extent that the defendant contends that his counsel's conduct affected the voluntariness of his pleas, the defendant's claims are belied by his statements during the plea proceeding, in which he acknowledged under oath that he was satisfied with his counsel's representation, that he had not been forced into pleading guilty, and that he was entering the pleas freely and voluntarily (*see People v Ward*, 140 AD3d at 904; *People v Mack*, 140 AD3d 791, 792 [2016]; *People v Jessamy*, 137 AD3d 1056 [2016]; *People v Sulaiman*, 134 AD3d 860, 860 [2015]; *People v Caruso*, 88 AD3d 809, 810 [2011]).

The defendant's waiver of his right to appeal also precludes appellate review of his claim in his pro se supplemental brief that his pre-plea requests to relieve his assigned counsel and to substitute new counsel were improperly denied (*see People v Degroat*, 140 AD3d 1185, 1186 [2016]; *People v Worthy*, 138 AD3d 1042, 1042-1043 [2016]). Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.