# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**155**

**KA 15-00323**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

MICHAEL NANCE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), entered January 8, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress the handgun seized from him by Buffalo police officers. We reject that contention.

"It is well established that, in evaluating the legality of police conduct, we 'must determine whether the action taken was justified in its inception and at every subsequent stage of the encounter' " (*People v Howard*, 129 AD3d 1654, 1655, *lv denied* 27 NY3d 999; *see generally People v De Bour*, 40 NY2d 210, 215). Here, contrary to defendant's contention, the court properly concluded that each step in the officers' interactions with defendant was justified. The evidence from the suppression hearing establishes that two officers in a police vehicle initially observed defendant as he walked across a lawn in a high-crime neighborhood. At that time, the officers looked at defendant but took no action. Upon observing the officers, defendant's eyes widened, he changed direction so that he would pass behind one of the two police vehicles at the scene, and he said aloud that the officers were looking at him as if he had done something wrong. As he passed the officers, defendant took his left hand out of the pocket of his jeans, and they noticed that he was wearing a black latex glove on that hand but had no glove on the other hand, and that he had a bulge in his left pocket. Based on their

observations, the officers suspected that defendant had a handgun.  As the officers moved their vehicle into defendant's path of travel, defendant began to run and, as he slid or jumped over the hood of their vehicle, he dropped a black handgun.  An officer from the second police vehicle apprehended defendant, and another officer from that vehicle recovered the handgun.  After the police gave him *Miranda* warnings, defendant admitted to possessing the handgun.

It is well settled that a "defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929; *see People v Crisler*, 81 AD3d 1308, 1309, *lv denied* 17 NY3d 793).  We conclude under the circumstances of this case that the police officers had the requisite reasonable suspicion to pursue and detain defendant after they made the observations discussed above and defendant fled upon the approach of the officers (*see People v Haynes*, 115 AD3d 676, 676; *People v Britt*, 67 AD3d 1023, 1024, *lv denied* 14 NY3d 770; *People v Cruz*, 14 AD3d 730, 731-732, *lv denied* 4 NY3d 852; *People v Fajardo*, 209 AD2d 284, 284, *lv denied* 84 NY2d 1031).  Furthermore, after the officers seized defendant and recovered the weapon, they had probable cause to arrest him (*see People v Leung*, 68 NY2d 734, 736-737).

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as he failed to make a sufficiently specific motion for a trial order of dismissal at the close of the People's case (*see People v Gray*, 86 NY2d 10, 19).  In any event, we reject defendant's contention that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that the court erred in permitting the prosecution to introduce evidence indicating that a mixture of DNA from several people was found on the handgun, and that defendant could not be excluded as a contributor to that mixture.  In any event, that contention is without merit.  It is well settled that "all relevant evidence is admissible unless its admission violates some exclusionary rule . . . Evidence is considered relevant if it has any tendency in reason to prove the existence of any material fact" (*People v Nicholson*, 26 NY3d 813, 829 [internal quotation marks omitted]).  Consequently, the fact that defendant could not be excluded as a contributor to the DNA recovered from the handgun is admissible (*see People v Lipford*, 129 AD3d 1528, 1530, *lv denied* 26 NY3d 1041; *People v Roosevelt*, 125 AD3d 1452, 1454, *lv denied* 25 NY3d 1076; *People v Pope*, 96 AD3d 1231, 1234, *lv denied* 20 NY3d 1064; *People v Schouenborg*, 42 AD3d 473, 474, *lv denied* 9 NY3d 926).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during summation inasmuch as he failed to object to the alleged misconduct (*see People v Paul*, 78 AD3d 1684, 1684-1685, *lv denied* 16 NY3d 834; *People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849). In any event, we conclude that any impropriety was not " 'so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968, *lv denied* 100 NY2d 583).

We reject defendant's further contention that he was deprived of a fair trial by ineffective assistance of counsel. With respect to defendant's claim that defense counsel was ineffective in failing to move to preclude the DNA evidence, we conclude that "[d]efendant failed to demonstrate that such a motion would have been meritorious, and there is no denial of effective assistance based on the failure to make a motion or argument that has little or no chance of success" (*People v Jackson*, 108 AD3d 1079, 1080, *lv denied* 22 NY3d 997 [internal quotation marks omitted]). Defendant's further challenge to the assistance provided by defense counsel is without merit. It is well settled that "[a] defendant receives effective assistance of counsel [where, as here,] the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Speaks*, 28 NY3d 990, 992 [internal quotation marks omitted]).

Finally, the sentence is not unduly harsh or severe.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court