■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVIOR CAINE, Appellant. [49 NYS3d 636]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered November 30, 2012, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant correctly contends that his purported waiver of the right to appeal is invalid, as it is not evident on the face of the record that the defendant understood the appeal waiver (*see People v Lopez*, 6 NY3d 248, 256 [2006]).

Contrary to the defendant's contention, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty, as there was no evidence of innocence and he was not coerced into pleading guilty (*see People v Pelaez*, 100 AD3d 803, 804 [2012]; *People v Caruso*, 88 AD3d 809, 810 [2011]; *People v Miranda*, 67 AD3d 709, 710 [2009]; *People v Smith*, 54 AD3d 879, 880 [2008]; *People v Beasley*, 50 AD3d 697, 697-698 [2008]; *People v Mann*, 32 AD3d 865, 866 [2006]). Further, the record demonstrates that he pleaded guilty voluntarily, knowingly and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]).

The defendant did not preserve for appellate review the issue of the sufficiency of the plea allocution because he did not raise this specific ground in his motion to withdraw his plea (*see People v Rivera*, 1 AD3d 385, 386 [2003]). In any event, this argument is without merit (*see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Duncan*, 78 AD3d 1193, 1193 [2010]; *People v Hronopoulos*, 192 AD2d 720, 720 [1993]).

The defendant's claim of ineffective assistance of counsel is

based, in part, upon matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Marryshow*, 135 AD3d 964, 965 [2016]; *cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's claim in its entirety (*see People v Marryshow*, 135 AD3d at 965; *People v Maxwell*, 89 AD3d at 1109; *cf. People v Maldonado*, 116 AD3d 980 [2014]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.