Appeals by the defendant from two judgments of the County Court, Westchester County (Minihan, J.), both rendered January 19, 2016, convicting him of attempted burglary in the second degree under superior court information No. 15-00661 and attempted burglary in the second degree under superior court information No. 15-00683, upon his pleas of guilty, and imposing sentences.
 

 Ordered that the judgments are affirmed.
 

 While the defendant validly waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-342 [2015]; People v Ramos, 7 NY3d 737 [2006]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Muniz, 91 NY2d 570, 575 [1998]), his contentions concerning the voluntariness of his pleas of guilty survive his appeal waivers (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Molina, 146 AD3d 815 [2017]; People v Lujan, 114 AD3d 963 [2014]; People v Persaud, 109 AD3d 626 [2013]). However, the defendant’s contentions that his pleas were not knowing, voluntary, or intelligent and coerced by the County Court’s remarks regarding his sentence exposure in the event he violated a condition of his pleas are unpreserved for appellate review, since he did not move to vacate his pleas or otherwise raise these issues before the court (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Weston, 145 AD3d 746, 747 [2016]; People v McCracken, 138 AD3d 1147 [2016]). In any event, the court’s remarks regarding the defendant’s sentence exposure did not constitute coercion (see People v Solis, 111 AD3d 654, 655 [2013]; People v Tavares, 103 AD3d 820, 820 [2013]; People v Bravo, 72 AD3d 697, 698 [2010]). Furthermore, the defendant’s claims of coercion are belied by his statements under oath that no one had forced, threatened, or coerced him to plead guilty and that he was entering the pleas of guilty freely and voluntarily (see People v Weston, 145 AD3d at 747; People v McVay, 140 AD3d 1090 [2016]; People v Ward, 140 AD3d 903, 904 [2016]).
 

 Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.