People v Coleman (2018 NY Slip Op 05600)





People v Coleman


2018 NY Slip Op 05600


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-02807
 (Ind. No. 44/16)

[*1]The People of the State of New York, respondent,
v
Walter Coleman, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered September 28, 2016, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his preplea request to relieve assigned counsel and to substitute new counsel was improperly denied (see People v Harris, 153 AD3d 552, 552-553; People v Weston, 145 AD3d 746, 747).
Although the defendant's contention regarding the voluntariness of his plea survives his valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Lujan, 114 AD3d 963, 964), the defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or intelligent, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v McClenic, 155 AD3d 1064; People v Coachman, 154 AD3d 957). Furthermore, as the People correctly contend, the narrow exception to the preservation rule is inapplicable in this case, as the defendant's recitation of the facts underlying his plea to the charged crime did not clearly cast significant doubt upon his guilt, negate an essential element of the crime, or otherwise call into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666; People v Fuentes, 124 AD3d 677, 678). In any event, the record reflects that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Seeber, 4 NY3d 780, 780-781; People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Amay, 156 AD3d 895; People v Weston, 145 AD3d at 747). The defendant's contention that his counsel's conduct affected the voluntariness of his plea is belied by his statements during the plea proceeding, in which [*2]he acknowledged under oath that he was satisfied with his counsel's representation, that he had not been forced into pleading guilty, and that he was entering the plea voluntarily (see People v Boria, 157 AD3d 811, 812; People v Weston, 145 AD3d at 747; People v Cobb, 19 AD3d 506).
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court