People v Walton (2019 NY Slip Op 00476)





People v Walton


2019 NY Slip Op 00476


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-01351
 (Ind. No. 840/15)

[*1]The People of the State of New York, respondent,
v
Taqiy Walton, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered January 11, 2017, convicting him of assault in the first degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Although the defendant validly waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-342; People v Ramos, 7 NY3d 737; People v Lopez, 6 NY3d 248, 256; People v Muniz, 91 NY2d 570, 575), his contentions concerning the voluntariness of his plea of guilty survive his appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Molina, 146 AD3d 815; People v Lujan, 114 AD3d 963; People v Persaud, 109 AD3d 626). However, the defendant's contentions that his plea was not knowing, voluntary, or intelligent, and that it was coerced by the remarks of the County Court and the prosecutor regarding the sentencing promise, are unpreserved for appellate review, since the defendant did not move to vacate his plea or otherwise raise these issues before the court (see People v Clarke, 93 NY2d 904, 906; People v Lopez, 71 NY2d 662, 665; People v Mitchell, 156 AD3d 817, 818; People v McCracken, 138 AD3d 1147; People v Perez, 51 AD3d 1043). In any event, certain remarks at the outset of the plea proceeding, that the People's prior offer was no longer available and that their current offer would no longer be available if the defendant proceeded with the suppression hearings, were informative and not coercive (see People v Marryshow, 135 AD3d 964; see also People v Guzman, 28 AD3d 396, 397). Moreover, the defendant's claims are belied by the record, which reveals that the defendant acknowledged under oath that he was not threatened, coerced, or forced to plead guilty, and that he was entering the plea freely and voluntarily (see People v Weston, 145 AD3d 746, 747; People v McVay, 140 AD3d 1090, 1090; People v Ward, 140 AD3d 903, 904).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Seaberg, 74 NY2d at 10).
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court