People v Monroe (2019 NY Slip Op 05569)





People v Monroe


2019 NY Slip Op 05569


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-11871
 (Ind. No. 7/16)

[*1]The People of the State of New York, respondent,
v
Savata M. Monroe, appellant.


Salvatore C. Adamo, New York, NY, for appellant, and appellant pro se.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered August 24, 2016, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a weapon in the second degree upon his plea of guilty and was sentenced, in accordance with the plea agreement, to a determinate term of imprisonment of 10 years plus a period of 5 years' postrelease supervision.
By pleading guilty, the defendant forfeited his contention, raised in his pro se supplemental brief, that the indictment was defective on the ground that allegedly perjured testimony impaired the integrity of the grand jury proceeding (see People v Manragh, 32 NY3d 1101, 1102-1103; People v Hansen, 95 NY2d 227, 232; People v Di Raffaele, 55 NY2d 234, 240; People v Whitehurst, 291 AD2d 83, 88; People v Garcia, 172 AD2d 330; cf. People v Pelchat, 62 NY2d 97).
The defendant's contentions that his plea was not knowing, voluntary, or intelligent because he was coerced by his trial attorney and the County Court are unpreserved for appellate review, since the defendant did not move to vacate his plea or otherwise raise these issues before the court (see People v Clarke, 93 NY2d 904, 905; People v Lopez, 71 NY2d 662, 665; People v Mitchell, 156 AD3d 817, 818; People v McCracken, 138 AD3d 1147; People v Perez, 51 AD3d 1043). In any event, the defendant's claims are belied by the record, which reveals that the defendant acknowledged under oath that no one had threatened or forced him to plead guilty and that he was pleading guilty voluntarily (see People v McCracken, 138 AD3d 1147; People v Tavares, 103 AD3d 820, 821; People v Martinez, 78 AD3d 966, 967).
By pleading guilty, the defendant forfeited his claim, raised in his pro se supplemental brief, of ineffective assistance of counsel, to the extent that it did not directly involve the plea negotiation process (see People v Weston, 145 AD3d 746, 747; People v Solis, 111 AD3d 654, 655; People v Perazzo, 65 AD3d 1058, 1059). To the extent that the defendant contends that his counsel's conduct affected the voluntariness of his plea, the defendant's claim is based, in part, on [*2]matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance of counsel (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Joseph, 167 AD3d 776, 778; People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court