People v Atkinson (2020 NY Slip Op 04063)





People v Atkinson


2020 NY Slip Op 04063


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


638 KA 16-01589

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEYMOUR S. ATKINSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (David W. Foley, A.J.), rendered September 6, 2016. The judgment convicted defendant upon a plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [7]). In appeal No. 2, defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirm in each appeal.
Defendant contends in appeal No. 2 that County Court erred in refusing to suppress a pistol seized after he was pursued by police officers. We reject that contention. Based upon defendant's physical and temporal proximity to the scene of the reported shooting incident and the fact that defendant's physical characteristics and clothing matched the description of one of the individuals involved in the incident, we conclude that the officers had a founded suspicion that criminal activity was afoot, thereby justifying their initial common-law inquiry of defendant (see People v Gayden, 126 AD3d 1518, 1518 [4th Dept 2015], affd 28 NY3d 1035 [2016]; People v McKinley, 101 AD3d 1747, 1748 [4th Dept 2012], lv denied 21 NY3d 1017 [2013]; see generally People v De Bour, 40 NY2d 210, 223 [1976]). Contrary to defendant's contention, the court properly determined that the officers thereafter had the requisite reasonable suspicion to pursue and detain him based on the combination of the abovementioned specific circumstances indicating that defendant may have been engaged in criminal activity and his flight in response to the approach by the officers (see People v Parker, 32 NY3d 49, 56-57 [2018]; Gayden, 126 AD3d at 1518; People v Nance, 148 AD3d 1566, 1567 [4th Dept 2017], lv denied 29 NY3d 1084 [2017]).
We also reject defendant's contention in appeal No. 2 that the court erred in granting the People's request at the charge conference that the court consider accessorial liability. "An indictment charging a defendant as a principal is not unlawfully amended by the admission of proof and instruction to the [factfinder] that a defendant is additionally charged with acting-in-concert to commit the same crime, nor does it impermissibly broaden a defendant's basis of liability, as there is no legal distinction between liability as a principal or criminal culpability as an accomplice" (People v Rivera, 84 NY2d 766, 769 [1995]; see People v Duncan, 46 NY2d 74, 79-80 [1978], rearg denied 46 NY2d 940 [1979], cert denied 442 US 910 [1979], rearg dismissed 56 NY2d 646 [1982]; People v Gigante, 212 AD2d 1049, 1049 [4th Dept 1995], lv denied 85 NY2d 909 [1995]). Here, by determining that it would consider accessorial liability, the court "did not introduce any new theory of culpability into the case that was inconsistent with that in the indictment, and thus [defendant's] indictment as a principal provided him with fair [*2]notice of the charge against him" (People v Young, 55 AD3d 1234, 1235 [4th Dept 2008], lv denied 11 NY3d 901 [2008]; see Rivera, 84 NY2d at 770-771). Contrary to defendant's assertion, we conclude that the evidence presented at trial supports a charge based on accessorial liability, and thus the court did not err in granting the People's request to consider that theory (see People v Guitierrez, 74 AD3d 1834, 1834 [4th Dept 2010], lv denied 15 NY3d 852 [2010]; People v Usera, 233 AD2d 270, 270 [1st Dept 1996], lv denied 89 NY2d 989 [1997]).
Defendant further contends in appeal No. 2 that the verdict is against the weight of the evidence. That contention lacks merit. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 348-349 [2007]), it cannot be said that the court failed to give the evidence the weight it should be accorded (see People v Jackson, 162 AD3d 1567, 1567 [4th Dept 2018], lv denied 32 NY3d 938 [2018]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, by failing to move to withdraw the plea or vacate the judgment of conviction, defendant failed to preserve for our review his challenges to the voluntariness of the plea in appeal No. 1 (see People v McCracken, 138 AD3d 1147, 1147 [2d Dept 2016], lv denied 27 NY3d 1135 [2016]; see generally People v Delorbe, 35 NY3d 112, — [2020]). In any event, defendant's challenges are without merit inasmuch as the record establishes that the plea was knowingly, intelligently and voluntarily entered (see People v Scott, 151 AD3d 1702, 1702 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]; McCracken, 138 AD3d at 1147).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court