People v Adeghe (2020 NY Slip Op 04177)





People v Adeghe


2020 NY Slip Op 04177


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-14950
 (Ind. No. 16-01033)

[*1]The People of the State of New York, respondent,
v
Sheppard Adeghe, also known as Shepard Adeghe, also known as "Shep," also known as "Cheff," appellant. Gerald Zuckerman, Croton-on-Hudson, NY, for appellant.


Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered October 18, 2018, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, or intelligent because it was allegedly coerced by the County Court's participation in the plea negotiations is unpreserved for appellate review, since the defendant did not move to vacate his plea or otherwise raise this issue before the court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v McCracken, 138 AD3d 1147). In any event, the defendant's claim is belied by the record, which reveals that the defendant acknowledged under oath that he was not forced, threatened, or coerced to plead guilty (see People v Monroe, 174 AD3d 649, 650; People v McCracken, 138 AD3d 1147; People v Tavares, 103 AD3d 820, 821). Further, the fact that the court was involved in the plea negotiations, without more, does not establish that the plea was coerced (see People v McCracken, 138 AD3d 1147; People v Scannell, 134 AD3d 738).
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257). The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Hidalgo, 91 NY2d 733).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court