People v Legette (2021 NY Slip Op 01066)





People v Legette


2021 NY Slip Op 01066


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2015-04997
 (Ind. No. 14-00498)

[*1]The People of the State of New York, respondent,
v
Tyahnjaii N. Legette, appellant.


Geoffrey E. Chanin, Goshen, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Jeffrey G. Berry, J.), rendered April 21, 2015, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was entered into under duress and coercion is unpreserved for appellate review since the defendant failed to move to withdraw his plea or to vacate the judgment of conviction (see CPL 220.60[3]; 440.10; People v Lopez, 71 NY2d 662, 665; People v Gomez, 137 AD3d 1161, 1162). In any event, the contention is without merit. The County Court's remarks regarding the defendant's sentence exposure did not constitute coercion (see People v Solis, 111 AD3d 654, 655; People v Tavares, 103 AD3d 820, 820). Furthermore, the defendant's claims of coercion are belied by his statements under oath that no one had forced, threatened, or coerced him to plead guilty and that he was entering the plea of guilty freely and voluntarily (see People v Jackson, 170 AD3d 1040, 1041; People v Mitchell, 156 AD3d 817, 818). The record demonstrates that the defendant knowingly, voluntarily, and intelligently entered into the negotiated plea of guilty (see People v Seeber, 4 NY3d 780).
The defendant's remaining contentions are without merit.
MASTRO, A.P.J., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court